UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BARNEY PERRY/PERRYAL MUSIC COMPANY,<br><br>  Plaintiffs,<br><br>vs.<br><br>FANTASY RECORDS, SAUL ZAENTZ COMPANY and PAUL ZAENTZ,<br><br>  Defendants. | Case No: C 13-1158 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Docket 14 |

The instant action is the latest attempt by pro se Plaintiff Barney Perry ("Perry") to recover royalties and damages for alleged copyright infringement arising out of his relationship in the 1970's with the musical group called The Blackbyrds. Perry has previously litigated two nearly identical actions in this district, with both suits resulting in judgment being entered against him. The parties are presently before the Court on Defendants'[1] motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 14. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendants' motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] The named Defendants are Fantasy Records ("Fantasy Records"), Saul Zaentz Company ("Zaentz Company") and Paul Zaentz ("Zaentz") (collectively, "Defendants").

## I. BACKGROUND

### A. Underlying Dispute

Perry was a member of a musical group called The Blackbyrds during the 1970's. See Defs.' Request for Judicial Notice ("RJN"), Exh. A ¶ 2.[2] Donald Byrd was the President of Black Byrd Productions, Inc. ("Black Byrd Productions"), which provided financial support and promotional services for The Blackbyrds. Id. ¶¶ 3-4. On October 1, 1973, Perry, along with others, entered into an "Exclusive Artist's Recording Agreement" ("Recording Agreement") and an "Exclusive Songwriter's and Composer's Agreement" ("Songwriter's Agreement") with Black Byrd Productions. Id. ¶ 1. Under the terms of the Songwriter's Agreement, Perry, for good and valuable consideration, assigned and transferred all of his rights, title and interest, including copyrights and renewals and extensions thereof, in any musical composition written, composed or created by him to Black Byrd Productions. Id.

Also on October 1, 1973, Black Byrd Productions entered into an exclusive production agreement with Fantasy Record Company (i.e., Fantasy Records), whereby Black Byrd Productions agreed to produce and deliver "commercially satisfactory" master recordings of The Blackbyrds' musical performances. Defs.' RJN, Exh. A ¶ 5. On September 1, 1974, Black Byrd Productions advised Fantasy Records that Perry was an exclusive songwriter for Black Byrd Productions. Id. ¶ 6. On October 6, 1974, Perry confirmed this in writing to Fantasy Records. Id.

In a letter dated December 13, 1974, Perry informed Black Byrd Productions by letter that he wished to terminate his contractual relationship with the production company.

---

[2] Defendants request the Court take judicial notice of judicial opinions and other court records. See Defs.' RJN, Exhs. A-I. In ruling on a motion to dismiss, a federal court may take judicial notice of matters of public record, including the existence of proceedings and records issued by other federal courts, state courts, and administrative agencies, without converting the motion into a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); see Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002) (noting that a district court " 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.' "). Accordingly, Defendants' request for judicial notice is GRANTED.

See Defs.' RJN, Exh. A ¶ 9.  In his termination letter, Perry asserted that he was the rightful copyright owner of two musical compositions:  "A Hot Day Today" and "Walking in Rhythm" (hereinafter, "the musical compositions").  Id.  As a consequence of Perry's assertion, he was advised that he would no longer receive royalties with respect to the musical compositions until his claim of copyright ownership was resolved.  Id. ¶ 10.

### B. Prior Actions

Black Byrd Productions and other interested parties commenced suit against Perry in the Eastern District of Virginia in order to settle the question of who is the rightful copyright owner of the musical compositions.  In an order dated February 28, 1977, the court found that Black Byrd Productions is the copyright owner of the musical compositions.  See Defs.' RJN, Exh. A.  However, the court also found that Perry remained entitled to his portion of songwriter and artist royalties under the Recording Agreement and the Songwriter's Agreement.  Id.

On September 1, 1977, Perry and Black Byrd Productions entered into a settlement agreement and release.  See Defs.' RJN, Exh. E.  The agreement provided Perry with $18,400 "as full and final accord and satisfaction of all royalties and other sums due Perry from Black Byrd Productions under both the Recording Agreement and the Songwriter Agreement from the inception thereof to and including December 31, 1976."  Id.

In October 1994, Perry attempted to relitigate the Virginia court's ruling as to ownership of the musical compositions in the Southern District of New York.  See Defs.' RJN, Exh. E.  The court dismissed Perry's action on the ground that he had not established ownership or registration of the copyrights at issue, and on the ground that the previous action in Virginia precluded his copyright claim against Black Byrd Productions.  Id.

In October 1995, this Court presided over an action filed by Perry against Fantasy Records, Paul Zaentz, and the Saul Zaentz Company concerning the musical compositions. See Defs.' RJN, Exh. C.  Among the thirteen claims for relief, Perry claimed conspiracy and legal malice, sedition against the Virginia court, fraud, intentional breach and misrepresentation, defamation, conversion, and copyright fraud.  Id.  On August 5, 1997,

summary judgment was granted in favor of the Defendants.  Id.  In granting summary judgment, this Court found that: (1) Perry had failed to demonstrate that he owned the copyrights to the musical compositions; (2) the doctrine of res judicata precluded Perry from relitigating the issue of copyright ownership; (3) Perry had failed to demonstrate that the Defendants owed him any royalties; (4) the Virginia court's order pertaining to royalty payments is directed to Black Byrd Productions and not to any Defendant named in the suit; (5) Perry had failed to allege fraud on the court during the Virginia litigation with sufficient particularity to warrant relief pursuant to Federal Rule of Civil Procedure 60(b); and (6) Perry had failed to adequately plead defamation.  Id.  On appeal, the Ninth Circuit affirmed the Court's summary judgment order.  Defs.' RJN, Exh. D.

In October 2003, Perry and Perryal Music Publishing Co. commenced suit in this district against Fantasy Records, Paul Zaentz, and the Saul Zaentz Company.  See Defs.' RJN, Exh. E.  In that action, Plaintiffs' alleged claims for: (1) copyright infringement; (2) copyright ownership of the musical compositions; (3) failure to pay royalties; (4) fraud on the Virginia court committed by the Defendants for failure to pay royalties; (5) contempt of court committed by the Defendants for failure to comply with the settlement and judgment of the Virginia court; and (6) conspiracy to commit fraud on the court and fraudulent inducement to commit copyright fraud.  Id.  On May 5, 2004, Judge White dismissed the action under the doctrine of res judicata, finding that all of the issues raised in the operative complaint were considered and rejected in Perry's previous lawsuits.  Id.  On appeal, the Ninth Circuit affirmed Judge White's dismissal order.  See Defs.' RJN, Exh. F.

## II.     DISCUSSION

Defendants move to dismiss the complaint without leave to amend under Rule 12(b)(6).  Defendants contend that dismissal with prejudice is warranted because the claims alleged in the complaint are barred by the doctrine of res judicata.  The Court agrees.

A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6).  See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).  Federal law controls the question of the preclusive effect of a prior federal action.

McQuillion v. Schwarzenegger, 369 F.3d 1091, 1096 (9th Cir. 2004).  Res judicata, or claim preclusion, bars any lawsuits on any claims that were raised or could have been raised in a prior action.  Providence Health Plan v. McDowell, 361 F.3d 1243, 1249 (9th Cir. 2004).  The doctrine of res judicata applies if there is (1) an identity of claims[3]; (2) a final judgment on the merits; and (3) identity or privity between parties.  FTC v. Garvey, 383 F.3d 891, 897 (9th Cir. 2004).  "The application of this doctrine is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction.  Moreover, a rule precluding parties from the contestation of matters already fully and fairly litigated conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."  Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (quotation marks omitted).

      Here, although the complaint does not clearly elucidate the claims Plaintiffs assert in this action, it is evident that Plaintiffs seek the same relief that was sought in the two previous lawsuits filed by Perry against Defendants in this district; namely, royalties and damages arising from Defendants' alleged copyright infringement of the musical compositions.  Plaintiffs have previously filed suit in this district against the same Defendants arising out of the same facts.  The issues Plaintiffs raise in their complaint have

---

[3] The Ninth Circuit determines the identity of claims by applying the following criteria:

> (1) whether rights or interest established in the prior judgment would be destroyed or impaired by prosecution of the second action; whether substantially the same evidence is presented in two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-1202 (9th Cir.1982).  The last of these criteria is the most important.  Id.

already been litigated.[4]  A final judgment on the merits was entered in favor of Defendants and against Perry by this Court in 1997, and a final judgment on the merits was entered in favor of Defendants and against Plaintiffs by Judge White in 2004.  These orders addressed all of the issues Plaintiffs raise in their complaint.[5]  As such, there are no remaining issues before this Court that have not been fully and fairly litigated between the parties.  Accordingly, Plaintiffs are barred from litigating the claims alleged in the complaint under the doctrine of res judicata.  Therefore, Defendants' motion to dismiss is GRANTED without leave to amend.

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is GRANTED without leave to amend.

2. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated:  2/13/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[4] To the extent Plaintiffs' complaint could be construed as alleging claims that were not addressed in previous lawsuits, such claims are nonetheless barred because they could have been litigated in those actions.  See Allen, 449 U.S. at 94 ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action.") (emphasis added).

[5] Plaintiffs have filed a motion for leave to file "The Perfected Amended Complaint with Copyright Confirmation Document."  Dkt. 62.  However, a review of this document reveals that Plaintiffs do not seek to assert any claim that is not barred by the doctrine of res judicata.  As such, Plaintiffs' motion is DENIED.