UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BARNEY PERRY/PERRYAL MUSIC COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>FANTASY RECORDS, SAUL ZAENTZ COMPANY and PAUL ZAENTZ,<br><br>Defendants. | Case No: C 13-1158 SBA<br><br>**ORDER DENYING MOTION TO REOPEN THE CASE**<br><br>Docket 107 |

On February 14, 2014, the Court issued an order dismissing this action with prejudice on the ground that Plaintiffs are barred from litigating the claims alleged in the complaint under the doctrine of res judicata. The parties are presently before the Court on pro se Plaintiff Barney Perry's ("Perry") motion to reopen the case. Although not entirely clear, Perry's request to reopen the case is based on, among other things, his contention that "THE COURT MADE REVERSABLE [sic] ERRORS." The Court construes Perry's motion as a motion for reconsideration brought under Rule 59(e) and/or Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court DENIES Perry's motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **DISCUSSION**

A motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e) or 60(b). Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). Under either theory, a court's decision to grant or deny a motion for

reconsideration is reviewed for abuse of discretion.  School Dist. No. 1J, Multnomah Countym Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  Under Rule 60(b), a motion for reconsideration should be granted "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief."  School Dist. No. 1J, 5 F.3d at 1263.  Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.  Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1992).

The Court finds that Perry has failed to make the requisite showing to warrant reopening this case.  Perry has not established a valid basis for reconsideration under either Rule 59(e) or Rule 60(b).  Perry has not presented any compelling, substantive grounds for relief.  While Perry argues that the Court "made reversible errors," he failed to proffer any authority or legal analysis demonstrating that the Court erred in dismissing this action without leave to amend.  Accordingly, Perry's motion to reopen the case is DENIED.

## II.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Perry's motion to reopen the case is DENIED.
2. The Clerk shall terminate Docket 107 and any other pending matters.

IT IS SO ORDERED.

Dated:   4/25/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge